UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN DUPONT,

    Plaintiff,

v.                                      CASE NO.:

PLANNED PARENTHOOD OF SOUTHWEST
AND CENTRAL FLORIDA, INC., A Florida
Not For Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff, KATHLEEN DUPONT ("Ms. Dupont" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Parrish, Florida.

4. Plaintiff worked for Defendant in Sarasota County, Florida, and the venue, therefore, for this case is the Tampa division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Defendant hired Ms. Dupont to serve as its Controller on or about August 1, 2016, at an annual salary of $87,500 per year; Defendant increased her salary to $97,500.00 in February 2017.

8. On June 14, 2017, Ms. Dupont suffered serious physical injuries in an automobile accident.

9. The severity of Ms. Dupont's injuries required her to seek continuing treatment, and to take time away from work to heal and continue her recovery for same.

10. Specifically, Ms. Dupont suffered from bulging and herniated disks, one of which pressed against Ms. Dupont's sciatic nerve, causing her immense pain, and inability, to walk, sit, sleep, or stand, for any prolonged period.

11. Based on the severity of these impairments and her continuing treatment for same, Ms. Dupont's medical condition was a serious health condition as defined by the FMLA.

12. Ms. Dupont, accordingly, notified Defendant, that she intended to take FMLA time away from work to treat her injuries and heal, as advised by her doctors and medical team.

13. On July 27, 2017, Ms. Dupont met with Defendant's Managers, Ms. Parrish and Ms. Woods to discuss her upcoming FMLA leave.

14. Despite the fact that Ms. Dupont qualified as a matter of law for FMLA leave, during this meeting, Ms. Parrish and Ms. Woods conditioned Defendant's approval of FMLA leave, upon Ms. Dupont agreeing to train her temporary replacement.

15. This conditioning of her FMLA leave, upon her agreeing to Defendant's terms, constitutes FMLA interference as a matter of law under the FMLA.

16. On August 2, 2017, less than one week later, Ms. Dupont submitted her FMLA paperwork and a prescription note from her physician, which detailed Ms. Dupont's serious health condition, and need for her for FMLA leave to occur from August 3, 2017, through October 17, 2017.

17. Defendant, without valid cause, reason, or explanation, denied same.

18. Instead, Defendant notified Plaintiff that it was, instead, terminating her employment, and then ultimately replaced her with a temporary employee that Defendant had intended for Plaintiff to train.

19. This too not only constitutes FMLA interference, but also actionable FMLA retaliation.

20. Had Defendant complied with the FMLA, which it didn't, it would have known that an employee cannot be penalized for absences that are FMLA protected. *See* 29 C.F.R. §

825.220(c)(An employer may not use the taking of FMLA leave as a "negative factor" in employment actions); *see also* § 825.220(c)("nor can FMLA leave be counted under 'no fault' attendance policies").

21. Defendant acted with intent to terminate Plaintiff when she should have been FMLA covered and protected.

22. The timing of Plaintiff's termination, alone, demonstrates a causal connection between her termination and requested FMLA leave.

23. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

24. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

25. Defendant did not have a good faith basis for its actions.

### **UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA**

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

27. At all times relevant hereto, Plaintiff was protected by the FMLA.

28. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights, and firing her for her intent to use what should have been, FMLA protected leave.

29. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

30.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to discriminate against Plaintiff because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

31.     As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 30th day of January, 2018.

                                      Respectfully Submitted,

                                      */s/ Noah E. Storch*
                                      Noah E. Storch, Esquire
                                      Florida Bar No. 0085476
                                      RICHARD CELLER LEGAL, P.A.
                                      7450 Griffin Road, Suite 230
                                      Davie, Florida 33314
                                      Telephone: (866) 344-9243
                                      Facsimile: (954) 337-2771
                                      noah@floridaovertimelawyer.com

                                      *Attorneys for Plaintiff*